JOSEPH HAMPSON *vs.* JAMES M. LEWIS, use of MAR-
SHALL, BINGHAM and BRADFORD.

*Contract—Abandonment of Contract—Contractor Abandon-
ing his work and refusing after notice to proceed, liable for
Loss sustained in completing his work.*

J. M. L. made a parol contract with J. H. to plaster for him five houses for
$1500, the latter furnishing all the materials as needed. The work pro-
ceeded according to the mutual convenience of the parties and was paid for
as it progressed. When the work was partially completed, and J. M. L.
had received $650, he abandoned it, alleging that J. H. did not furnish the
necessary materials as needed. After notice to J. M. L., other mechanics were
employed by J. H., and the work was finished at a cost of $328. J. M. L.
afterward filed a mechanics' lien claim for $850,—balance claimed to be
due under the contract, and a bill in equity was filed to enforce said lien
claim. HELD:

1st. That leaving out of the calculation any claim of J. H. by way of compen-
sation for damage sustained by him, by reason of the non-performance of
his contract by J. M. L., he paid for the work $978, and this deducted from
$1500,—the contract price, left $522 due to J. M. L., which was the full extent
of his claim, and which he was entitled to recover.

2nd. That as to any claim of J. H., on account of damage occasioned by the
delay, it was competent for him at any time, after notice to J. M. L. to proceed
with the work, and having the materials ready, if there was failure on the part
of J. M. L., to engage other parties to finish his work, and hold J. M. L., if
delinquent, for the consequent loss sustained through his non-performance.

APPEAL from the Circuit Court for Baltimore County, in
Equity.

James M. Lewis made a parol contract with Joseph
Hampson, whereby said Lewis engaged to plaster five
houses for said Hampson for fifteen hundred dollars, the
latter furnishing all the materials as needed by the former.
The materials were provided and the work proceeded with

according to the mutual convenience of the parties, and the work was paid for as it progressed. When Lewis had completed three of the houses and done partial work upon the others, having received six hundred and fifty dollars, he abandoned the work, alleging that Hampson had failed to furnish the necessary materials as needed. After giving due notice to Lewis, other mechanics were employed by Hampson to finish the work, at a cost of three hundred and twenty-eight dollars, besides the charge of one hundred dollars made by Hampson for his personal supervision of the work. Afterward the said Lewis filed a mechanics' lien claim against four of the said houses for eight hundred and fifty dollars, balance claimed to be due according to contract, and on the 2nd October, 1872, filed a bill on the equity side of the Circuit Court for Baltimore County, to enforce said lien claim. The Court passed a decree allowing the full amount claimed, and ordering the sale of said houses unless the money was paid by a certain day therein named. From this decree the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J., for the appellee, and submitted for the appellant.

*G. Morris Bond* and *John B. Tidy,* for the appellant.

*William S. Keech,* for the appellee.

STEWART, J., delivered the opinion of the Court.

Under the contract in this case, which was merely by parol, the parties not having signed any written agreement, the complainant engaged to plaster the five houses of the respondent for some fifteen hundred dollars.

All the necessary materials, such as laths, lime and hair, &c., to be provided, and had ready as needed, by the respondent—the complainant, according to the tenor

and effect of the contract, to go on with all reasonable dispatch to complete the work. The complainant having other work, and respondent other engagements, it seems to have been left very much to the mutual convenience of the parties to proceed with the work as they were respectively inclined.

At all events this must be its substantial interpretation, as the verbal stipulations are not sufficiently definite to make the contract more binding, as to the time of furnishing the materials or progress of the work after they were on hand.

Certainly the proof of the contract is not clear as to when the work was to be done—the effect of the complainant's obligation, would require him to do it in a reasonable time. It appears it was to be paid for as it progressed, according to the convenience of the respondent, and entirely when completed.

With this loose understanding, the complainant commenced the work, and after completing three of the houses, and some partial work on the others, and receiving some six hundred and fifty dollars, abandoned the work because of alleged failure on the part of the respondent to furnish the necessary materials. This is affirmed on the part of the complainant and denied by the respondent, and the testimony is conflicting. The *onus* of the proof is on the complainant, who files the bill to establish his debt.

Under these circumstances after giving notice to the complainant, the respondent employed other mechanics to to finish the plastering, which it seems cost some three hundred and twenty-eight dollars, besides the charge of one hundred dollars made by the respondent for his personal supervision.

Leaving out of the calculation any claim of the respondent by way of recoupment, for damages sustained by him, by reason of the non-performance of his contract by the

complainant, he will have paid for the work nine hundred and seventy-eight dollars, and this deducted from the fifteen hundred dollars, the contract price, as made out, would leave $522 due the complainant.

As to the respondent's claim for damages by the delay, it was competent for him at any time. after giving notice to the complainant to proceed with the work, and having the materials ready, if there was failure on the part of the complainant, to engage other parties to finish his work, and hold the complainant if he was delinquent, for the consequent loss sustained through his non-performance.

According to the testimony, we think the said five hundred and twenty-two dollars is the full extent of the complainant's claim, and the decree of the Circuit Court must be modified accordingly, and the case will be remanded for that purpose.

*Decree reversed, and*
*cause remanded.*